**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3540-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS F. DASILVA,

    Defendant-Appellant.

_____

          Submitted March 12, 2018 — Decided August 21, 2018

          Before Judges Ostrer and Rose.

          On appeal from Superior Court of New Jersey,
          Law Division, Essex County, Indictment No. 03-
          06-2254.

          Luis F. DaSilva, appellant pro se.

          Robert D. Laurino, Acting Essex County
          Prosecutor, attorney for respondent (Tiffany
          M. Russo, Special Deputy Attorney General/
          Acting Assistant Prosecutor, of counsel and
          on the brief).

PER CURIAM

    Defendant appeals from the denial of his second petition for

post-conviction relief (PCR) after an evidentiary hearing. He

collaterally challenges his 2004 convictions for murder, felony

murder, robbery and other related crimes. He contends he received ineffective assistance of counsel at the pretrial, trial, appellate, and PCR stages. He also argues that his trial counsel's representation was per se ineffective because it was hampered by a conflict of interest and he was deprived the counsel of his choice. He asserts that the underlying facts that support his conflict of interest claim — that his attorney had been arrested in New York and was under investigation for other suspected crimes at the time of defendant's trial — are newly discovered and entitle him to PCR.

Because the record does not demonstrate that defendant's petition was timely, we are constrained to reverse the PCR court's order and remand for further proceedings. See R. 3:22-4(b), -12(a)(2), -12(b).

We presume familiarity with the underlying facts, which we reviewed in defendant's previous appeals. See State v. DaSilva, No. A-4633-12 (Oct. 28, 2014) (DaSilva III) (appeal of order dismissing second PCR); State v. DaSilva, No. A-3334-10 (Jul. 25, 2012) (DaSilva II) (appeal of denial of first PCR); State v. DaSilva, No. A-2039-06 (Jul. 8, 2009) (DaSilva I) (direct appeal). However, we briefly recount the procedural history surrounding his second PCR petition.

2

On October 3, 2011, defendant filed his second PCR petition while his appeal from the denial of his first PCR petition was pending. The PCR court dismissed the petition; the court mistakenly concluded the second filing was premature because the appeal involving the first PCR petition was still pending. After that appeal concluded, defendant in 2013 requested permission to file a second PCR petition and reinstate his 2011 claims. The trial court viewed that request for permission to file as defendant's actual petition and dismissed it for lack of factual support. Defendant appealed.

We found in DaSilva III that the trial court erred in dismissing the October 2011 petition. The trial court misapplied Rule 3:22-6A. See DaSilva III, slip op. at 9. We recognized that the October 2011 petition was filed within one year of the denial of defendant's first PCR petition. Id. at 8. But, the October 2011 petition was not included in the record; so, we could not determine its timeliness. Id. at 9-10. We allowed defendant to file a second petition, and instructed the trial court to apply Rule 3:22-12(a)(2) and Rule 3:22-4(b) on remand to determine whether defendant's second petition "would be deemed timely if it had been filed in October 2011." Id. at 9-10. Treating that new petition as if it were filed in October 2011, the court had to examine the new petition, to ascertain whether it timely raised

points based on a newly recognized constitutional right, R. 3:22-12(a)(2)(A), newly discovered evidence, R. 3:22-12(a)(2)(B), or ineffective assistance of PCR counsel, R. 3:22-12(a)(2)(C).[1]

We also found defendant's 2013 request for permission to file was dismissed in error. DaSilva III, slip op. at 10. Defendant alleged in vague terms that "new evidence ha[d] come to light to support PCR." Ibid. Under Rule 3:22-12(a)(2)(B), defendant was entitled to file a second or subsequent PCR petition within one year of "the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered through the exercise of reasonable diligence . . . ." Ibid.

Upon our remand, the PCR court did not expressly address whether, or to what extent, defendant's petitions were timely. Instead, it entertained oral argument on defendant's substantive claims and ordered an evidentiary hearing solely on defendant's claim pertaining to his right to counsel of his choice. Defendant and his parents testified, as well as the assistant prosecutor who tried his case. Their testimony centered on defendant's claims that his trial attorney had a conflict of interest, and he was

---

[1] New claims of ineffectiveness by trial counsel would be time-barred. Defendant was obliged to cast his claims in terms of ineffective assistance of PCR counsel, newly discovered evidence, or newly recognized rights, in compliance with Rule 3:22-12(a)(2).

denied his constitutional right to counsel of his choice. The hearing testimony also touched on the effectiveness of defendant's trial counsel. In oral and written decisions, the PCR court denied defendant relief, relying on the hearing testimony and documentary record.

Defendant raises the following points for our consideration:

POINT I
THE PCR COURT ERRED WHEN IT RULED THAT APPELLANT WAS NOT DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF PRETRIAL, TRIAL, APPELLATE, AND PCR COUNSEL, AS GUARANTEED BY THE U.S. CONT. AMEND VI, AND THE N.J. CONST. ART. I, PAR. 10.

POINT II
APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF PCR COUNSEL BECAUSE COUNSEL ARGUED AN ISSUE FROM AN UNRELATED CASE IN APPELLANT'S BRIEF IN VIOLATION OF U.S. CONST. AMEND. VI.

POINT III
THE PCR JUDGE ERRED WHEN IT [sic] RULED THAT APPELLANT WAS NOT DEPRIVED HIS RIGHT TO COUNSEL OF CHOICE DUE TO THE UNEXPLAINED WITHDRAWAL OF HIS RETAINED ATTORNEY AND THE SUBSTITUTION OF AN ASSOCIATE ATTORNEY WITHOUT DEFENDANT'S WRITTEN CONSENT, IN VIOLATION OF THE U.S. CONST. AMEND VI AND N.J. COURT RULE 1:11-2.

POINT IV
THE PCR JUDGE ERRED IN HER RULING WHEN SHE STATED THAT APPELLANT WAS NOT DEPRIVED OF HIS RIGHT TO BE PRESENT AT EVERY CRITICAL STAGE OF HIS DEFENSE AND WAS NOT DEPRIVED OF CRITICAL INFORMATION NECESSARY TO MAKE A KNOWING AND INTELLIGENT DECISION TO PERMIT SUBSTITUTION OF COUNSEL, IN VIOLATION OF THE U.S. CONST. VI, XIV.

POINT V
THE PCR JUDGE ERRED IN ITS [sic] RULING THAT
APPELLANT WAS NOT DENIED THE EFFECTIVE
ASSISTANCE OF TRIAL, APPELLATE, AND PCR
COUNSEL FOR THEIR INDIVIDUAL FAILURE TO
PROPERLY OBJECT OR ADVANCE THE APPELLANT'S
RIGHT TO CONFRONT THE STATE'S WITNESS [sic]
ABOUT THEIR OTHER CRIMES OR BAD ACTS, IN
VIOLATION OF U.S. CONST. AMENDS. VI, XIV.

POINT VI
THE PCR JUDGE ERRED IN HER DETERMINATION THAT
THE PROSECUTOR DID NOT IMPLY THAT ONCE A
CRIMINAL APPELLANT CHOOSES TO TAKE THE WITNESS
STAND AND TESTIFY, HE THEN HAS THE BURDEN TO
PRODUCE EVIDENCE TO ESTABLISH HIS INNOCENCE.
AND THAT NO CURATIVE INSTRUCTION WAS NEEDED
IN THE FINAL JURY CHARGE, AND THAT THE TRIAL
JUDGE DID NOT FAIL TO INSTRUCT THE JURY THAT
THE BURDEN OF PROOF NEVER SHIFTS TO THE
APPELLANT, OR THE APPELLANT HAVE [sic] AN
OBLIGATION TO PROVE HIS INNOCENCE OR OFFER ANY
PROOF OF HIS INNOCENCE IN VIOLATION OF THE DUE
PROCESS CLAUSE, AND RIGHT TO A FAIR TRIAL, AS
GUARANTEED BY U.S. CONST. AMENDS V, XIV.

POINT VII
THE PCR JUDGE ERRED WHEN IT DETERMINED THAT
THE TRIAL COURT DID NOT MAKE NUMEROUS ERRORS,
OMISSIONS, AND ABBREVIATIONS TO THE FINAL JURY
CHARGE, WHICH DEPRIVED THE APPELLANT OF A
PROPERLY INSTRUCTED JURY AND A FAIR TRIAL, IN
VIOLATION OF U.S. CONST. AMENDS. VI AND XIV.

POINT VIII
THE PCR JUDGE ERRED IN HER RULING THAT
APPELLANT DID NOT SATISFY THE SECOND PRONG OF
THE STANDARD SET IN STRICKLAND WHEN SHE STATED
THAT HIS PRETRIAL COUNSEL FAILED TO FILE
PRETRIAL MOTIONS TO SUPPRESS OR SANITIZE
PREJUDICIAL TESTIMONY BY THE ARRESTING
OFFICERS AND N.J.R.E. 404(B) EVIDENCE SEIZE
[sic] PURSUANT TO THE DEFENDANT'S ARREST.
EVIDENCE THAT WAS SEIZED OVER SIX MONTHS AFTER

6

THE INSTANT OFFENSE, WAS UNRELATED TO THE INSTANT OFFENSE WAS IMPROPERLY ADVANCED BY THE STATE TO PROVE "FLIGHT." THEREFORE, THE APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE AND A FAIR TRIAL. ADDITIONALLY APPELLATE AND PCR COUNSEL WERE INEFFECTIVE FOR FAILING TO ADVANCE THIS CLAIM.

POINT IX
THE PCR JUDGE ERRED IN HER DECISION THAT PRETRIAL AND TRIAL COUNSEL WERE NOT INEFFECTIVE WHEN THEY EACH FAILED TO FILE MOTIONS TO COMPEL THE STATE TO PROVIDE CALL LOG EVIDENCE FOR OTHER PHONE AND BEEPER NUMBERS RELATED TO THIS CASE, AS WELL AS THE CALL OUT LOGS FOR POLICE AND OTHER EMERGENCY RESPONDER [sic], TO REFUTE THE VERACITY OF THE STATE'S STAR WITNESSES AGAINST THIS APPELLANT.

POINT X
THE PCR JUDGE ERRED IN HER DECISION THAT APPELLANT DID NOT PRESENT NEWLY DISCOVERED EVIDENCE TO REVEAL THAT HIS TRIAL COUNSEL, PAUL BERGRIN, ESQ. AND HIS LAW OFFICE SHOULD HAVE BEEN RELIEVED AS COUNSEL DUE TO A CONFLICT OF INTEREST TO THE DEFENDANT.

POINT XI
THE PCR JUDGE ERRED WHEN HE [sic] STATED THAT THE CUMULATIVE ERRORS DETAILED IN THIS APPELLANT'S BRIEF DID NOT RENDERED [sic] THE TRIAL UNFAIR THUS DENYING THE APPELLANT A NEW TRIAL.

We decline to reach the merits of defendant's claims. In DaSilva III, we reversed the PCR court's orders dismissing defendant's 2011 and 2013 petitions and remanded with instructions that the court apply Rule 3:22-12(a)(2) and 3:22-4(b) to: (1) the petition we permitted defendant to file instead of the mistakenly

dismissed October 2011 petition, which would be treated as if filed in October 2011; and (2) the petition we permitted defendant to file, raising the newly discovered evidence claims he referenced in his March 2013 filing, which would be treated as if filed in March 2013. DaSilva III, slip op. at 9-10. We appreciate the time and effort the PCR court has already expended in reviewing this matter, conducting an evidentiary hearing, and preparing its two opinions. Yet, the PCR court was obliged, consistent with our decision in DaSilva III, to address the timeliness of defendant's petitions. See Triffin v. Automatic Data Processing, Inc., 411 N.J. Super 292, 306 (App. Div. 2010) (stating that the trial court must comply with the appellate court's mandate). The PCR court did not do so.

Rule 3:22-12(a)(2) imposes strict time limitations on the filing of second or subsequent PCR petitions. "[E]nlargement of Rule 3:22-12's time limits 'is absolutely prohibited.'" State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)). We held that Rule 3:22-12(a)(2)'s time limits cannot be relaxed because "the Supreme Court in 2009 and 2010 amended Rule 1:3-4, Rule 3:22-4(b), and Rule 3:22-12 to preclude enlargement or relaxation." Id. at 287; see also R. 3:22-12(b) (stating that except where indicated, the time limitations of Rule 3:22-12 "shall not be relaxed").

An untimely petition "shall be dismissed" under Rule 3:22-4(b).  Addressing an untimely first PCR petition, we recently held that "[a]bsent sufficient competent evidence to satisfy" the standard for enlargement of time under Rule 3:22-12(a)(1)(A), "the court does not have the authority to review the merits of the claim" for PCR.  State v. Brown, ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 14).  Rather, the PCR court "has an independent, non-delegable duty to question the timeliness of the petition . . . ."  Ibid.  The same principle applies to a second petition, which is subject to non-enlargeable time constraints.

Absent the PCR court's threshold timeliness determination, we decline to reach the merits of defendant's claims.  Nor shall we attempt to address the timeliness issue ourselves, as the record on appeal does not include copies of the petitions defendant filed after our decision in DaSilva III.  We are constrained to remand again for resolution of that issue.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION